# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>WARNER SPRINGS RANCHOWNERS ASSOCIATION,<br><br>   Debtor.<br><br>———————————————<br><br>DEBT ACQUISITION COMPANY OF AMERICA V, LLC,<br><br>   Appellant,<br><br>v.<br><br>WARNER SPRINGS RANCHOWNERS ASSOCIATION, et al.,<br><br>   Appellees. | Civil No. 13cv1170-WQH-WVG<br><br>Bankruptcy No. 12-3031-LA11<br><br><br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Dismissal of Appeal filed by Appellee Pacific Hospitality Group, Inc. ("PHG" or "Appellee"). (ECF No. 12).

**I.   Background**

   The Warner Springs Ranch Association ("Debtor") was the majority owner of the

1  tenancy-in-common interests controlling ownership of the historic Warner Springs Ranch
2  Resort ("Ranch"), located in San Diego County. Minority ownership interests were held by
3  Appellant Debt Acquisition Company of America V, LLC ("DACA" or "Appellant"), Pala
4  Band of Mission Indians ("Pala"), and others. Debtor experienced financial difficulties, and
5  entered into an agreement to sell Debtor's interest in the Ranch to Pala. After the sale to Pala
6  failed to close, Debtor filed a Chapter 11 bankruptcy petition in the United States Bankruptcy
7  Court for the Southern District of California on March 1, 2012.

8        On May 4, 2012, Debtor filed an adversary proceeding in the bankruptcy court seeking
9  to sell the Ranch in its entirety (including the interests of DACA, Pala and all other co-
10 owners) under 11 U.S.C. § 363(h). On December 18, 2012, DACA stipulated to the sale of
11 its interest, stipulated that all statutory conditions set forth in 11 U.S.C. § 363(h) had been
12 satisfied, and stipulated that judgment may be entered authorizing Debtor to sell its interest
13 in the Ranch together with the interests of all co-owners. (Request For Judicial Notice in
14 Support of Motion for Dismissal ("RFJN"), Ex. 1, ECF No. 12-4). Pursuant to DACA's
15 stipulation for entry of judgment, and the bankruptcy court entered judgment in the adversary
16 proceeding, finding that all statutory conditions set forth in 11 U.S.C. § 363(h) had been
17 satisfied.

18       On December 20, 2012, Debtor filed its motion to sell assets and approve bid
19 procedures. On February 28, 2013, the bankruptcy court entered the "Order on Debtor's
20 Motion for Order: (A) Authorizing and Scheduling the Sale of Substantially All of the Assets
21 of the Estate and Co-Owners Interest Therein, Free and Clear of All Liens, Claims,
22 Encumbrances and Interests; (B) Approving the Stalking Horse Bid and Related Break-Up
23 Fee; (C) Approving Procedures for the Submission of Qualifying Bids and Conducting the
24 Sale; and (D) Approving the Form and Manner of Notice Pursuant to Federal Rule of
25 Bankruptcy Procedure 2002f" ("Bid Procedures Order"). (RFJN, Ex. 5, ECF No. 12-4).

26       On March 6, 2013, the bankruptcy court conducted the sale auction. On April 12,
27 2013, the bankruptcy court entered a "Final Order Approving Sale of Assets Pursuant to
28

Debtor's Motion for Order: (A) Authorizing and Scheduling the Sale of Substantially All of the Assets of the Estate and Co-Owners Interest Therein, Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Approving the Stalking Horse Bid and Related Break-Up Fee; (C) Approving Procedures for the Submission of Qualifying Bids and Conducting the Sale; and (D) Approving the Form and Manner of Notice Pursuant to Federal Rule of Bankruptcy Procedure 2002" ("Sale Order").  (RFJN, Ex. 2, ECF No. 12-4).  The Sale Order confirmed the sale of the Ranch to Warner Springs Ranch Resort, LLC ("WSRR" or "Purchaser") and identified Pala as the backup bidder should the sale to WSRR not close. The Sale Order states that, "[p]ursuant to Section 363(b) of the Bankruptcy Code, Debtor ... [is] authorized ... to take any and all actions necessary or appropriate to ... consummate the Sale of the Ranch and Co-Owners' Interests therein to the Purchaser pursuant to the terms of the [Purchase and Sale Agreement]...." *Id.* at 5.  The Sale Order stated: "The Purchaser is purchasing the Ranch in good faith and is a good faith purchaser of the Ranch within the meaning of Section 363(m) of the Bankruptcy Code and is, therefore, entitled to all the protections afforded by that provision." *Id.* at 3.

On April 17, 2013, DACA filed an appeal of the Sale Order.  (ECF No. 1).  DACA did not seek a stay of enforcement of the Sale Order pending appeal.  DACA named PHG, the predecessor-in-interest to WSRR, as a party to the appeal.[1]  DACA did not name the purchaser, WSRR, as a party to the appeal.  *Id.*  On April 29, 2013, WSRR closed the sale, and as of the filing date of the Motion for Dismissal of Appeal, WSRR was the record owner of the Ranch.  (Grand Decl. ¶¶ 2, 9, ECF No. 12-2).

On May 3, 2013, PHG filed an election to have the appeal heard by this Court.  (ECF

---

[1] The initial purchase and sale agreement for the Ranch, dated January 10, 2013, was signed by PHG as buyer, and provided that PHG's rights would be assigned to WSRR. (Grand Decl. ¶ 2, ECF No. 12-2). WSRR was established with the California Secretary of State on December 14, 2012. *Id.* Before February 28, 2013, PHG assigned its rights under the PSA to WSRR. WSRR participated in the underlying bankruptcy auction held on March 6, 2013, and WSRR closed the sale and became the title owner to the Ranch on April 29, 2013. *Id.*

No. 1). On September 9, 2013, DACA filed the Appellant's opening brief in support of the appeal.[2] (ECF No. 6). On October 15, 2013, PHG filed the Appellee's brief in opposition to the appeal. (ECF No. 11). No other named appellees responded to the appeal. On October 15, 2013, PHG filed the Motion for Dismissal of Appeal. (ECF No. 12). On November 4, 2013, DACA filed a reply brief in support of the appeal and an opposition to the Motion for Dismissal of Appeal. (ECF No. 17, 20). On November 12, 2013, PHG filed a reply in support of the Motion for Dismissal of Appeal. (ECF No. 21). On December 12, 2013, the Court conducted oral argument on the Motion for Dismissal of Appeal and all other issues raised by the appeal.

## II.  Contentions of the Parties

PHG contends that the appeal should be dismissed for the following reasons:

> First, DACA failed to name WSRR, the buyer of the assets, in its appeal. WSRR is the party most affected by the appeal of the Sale Order, and thus an indispensable party to the appeal and the appeal should not proceed due to this fatal flaw. Second, the appeal must be dismissed because the appeal is both statutorily moot and equitably moot. Third, DACA waived its right to appeal its post-auction objections to the bid procedures because it did not object to entry of the Consensual Bid Procedures Order. Fourth, the issues on appeal asserted by DACA establish that DACA was not prejudiced by the Court's ruling.

(ECF No. 12-1 at 7-8). PHG contends that the Sale Order was authorized by § 363(b) and thus is subject to the statutory mootness protection of § 363(m). PHG contends that *In re Nashville Senior Living, LLC*, 620 F.3d 584 (6th Cir. 2010) supports PHG's position that this action is moot pursuant to 11 U.S.C. § 363(m).

---

[2] In its opening brief, DACA identified the following issues presented on appeal:
1. Did the Bankruptcy Court err in failing to honor DACA's statutory right of first refusal provided for under 11 U.S.C. §363(i)?
2. Did the Bankruptcy Court err by determining that the bid of Appellee Pacific Hospitality Group was the 'highest and best' bid, even though the bid of Pala ... was $1 Million higher?
3. Did the Bankruptcy Court err by refusing to reopen the auction after making that determination, even though it was requested to do so by the Debtor, DACA and Pala?
4. Is this appeal statutorily moot under 11 U.S.C. §363(m)?

(Appellant's Br. at 1, ECF No. 6).

DACA contends that the appeal is not statutorily moot, constitutionally moot, nor equitably moot. DACA contends that policy considerations favor appealability because state court partition laws do not contain mootness provisions, and applying the federal bankruptcy mootness provision to this case would encourage forum shopping. DACA contends that the Sale Order was authorized by § 363(h)—not § 363(b)—and therefore DACA's appeal is not subject to § 363(m). DACA contends that the reasoning of *Clear Channel Outdoor, Inc. v. Knupfer*, 391 B.R. 25 (B.A.P. 9th Cir. 2008) supports DACA's position that this action is not moot pursuant to 11 U.S.C. § 363(m).

**III. Discussion**

Section 363(h) of the Bankruptcy Code permits the trustee to "sell property under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety," if certain conditions are met. 11 U.S.C. § 363(h). It is undisputed that Debtor filed an adversary proceeding seeking to sell the Ranch in its entirety pursuant to § 363(h), and that DACA stipulated that all statutory conditions set forth in 11 U.S.C. § 363(h) had been satisfied. (R.F.J.N., Ex. 1, ECF No. 12-4). After judgment was entered in the adversary proceeding, and consistent with the language of § 363(h), the Sale Order stated that the sale is authorized "[p]ursuant to Section 363(b) of the Bankruptcy Code." (RFJN, Ex. 2 at 5, ECF No. 12-4).

Sales made pursuant to § 363(b) or (c) are subject to the statutory mootness protection afforded by 11 U.S.C. § 363(m). Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

*Id.* "When a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *In re Filtercorp, Inc.*, 163 F.3d 570, 576

(9th Cir. 1998) (citing 11 U.S.C. § 363(m)); *see also id*. at 576-77 ("Because [appellant] did not obtain a stay, he cannot challenge the order of sale."). "Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets." *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988).

The parties have pointed to only one case to have considered the issue of whether the statutory mootness provision, 11 U.S.C. § 363(m), applies in the context of a sale made after a bankruptcy court entered findings pursuant to 11 U.S.C. § 363(h). In *In re Nashville Senior Living, LLC*, 620 F.3d 584 (6th Cir. 2010), the court held that "[a]n appeal from an order authorizing such a sale [pursuant to § 363(h)] is ... subject to the mootness provision of the Bankruptcy Code [i.e., § 363(m)]." *Id*. at 593. The court stated: "Although a bankruptcy court must make specific findings under subsection (h) before authorizing the sale of a non-consenting co-owner's undivided interest in property, the trustee ultimately sells the property pursuant to either subsection (b) or (c), because a trustee sells all estate property pursuant to either one or the other of those two subsections." *Id*. at 592. In reaching its decision, the court examined the language of the provisions at issue, the language of § 363's other subsections, and the policies underlying the Bankruptcy Code.

DACA contends that *In re Nashville Senior Living* relies upon "conclusory reasoning," and contends that the reasoning in *Clear Channel Outdoor, Inc. v. Knupfer*, 391 B.R. 25 (B.A.P. 9th Cir. 2008) is more persuasive. (ECF No. 17 at 6). In *Clear Channel*, the court held that the lien stripping aspect of sale under 363(f)[3] is not rendered moot by § 363(m) because § 363(m) "cleaves a distinction between authorizations to 'use, sell or lease ... property of the estate' as set forth in § 363(b) and authorizations under § 363(f) to 'sell property under subsection (b) or (c) of this section free and clear of any interest in such

---

[3] Section 363(f) provides that "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate," if certain conditions are met. 11 U.S.C. § 363(f).

property....'" *Id*. at 35. Three years after *Clear Channel*, a district court in the Central District of California stated: "The *Clear Channel* decision is ... contrary to several Court of Appeals decisions, and in strong tension with a Ninth Circuit opinion that dismissed an appeal of a sale of estate property as moot even where a lien was removed from the property as part of the sale." *In re Thorpe Insulation Co.*, No. CV 11-668, 2011 WL 1378537, at *1 (C.D. Cal. Apr. 11, 2011) (citing, inter alia, *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 704 n.2 (9th Cir. 1998) (en banc)).

After considering the statutory language, the relevant cases and the submissions of the parties, the Court concludes that an appeal from an order authorizing a sale pursuant to § 363(h) is subject to the statutory mootness provision, 11 U.S.C. § 363(m), because the property is ultimately sold pursuant to either subsection (b) or (c). As stated by the court in *In re Nashville Senior Living*: "Under [the contrary] interpretation, all unstayed sales of estate property can be relied upon by a good faith purchaser, ... *except* when the sale involves property in which a tenant in common or a joint tenant holds an interest. It is hard to imagine that Congress intended this result." *In re Nashville Senior Living, LLC*, 620 F.3d at 595. This result is consistent with the statutory language and the policies underlying the Bankruptcy Code, including "affording finality to judgments approving sales in bankruptcy" and "maximiz[ing] the purchase price of assets [in the bankruptcy estate]." *Id*. at 594 (quotations omitted). Having determined that the statutory mootness provision, § 363(m), may be applicable to this appeal, the Court next considers whether the requirements of § 363(m) have been satisfied.

"[T]wo requirements are discernible for § 363(m) to render an appeal moot: (1) the sale must be authorized under subsection (b) or (c) of § 363, and (2) the purchase must be consummated in good faith by the purchaser. An exception applies if a stay is obtained pending appeal." *In re Plant Insulation Co.*, No. C 13-01666, 2013 WL 5014063, at *2 (N.D. Cal. Sept. 12, 2013) (quotation omitted). In this case, the sale at issue was authorized "[p]ursuant to Section 363(b) of the Bankruptcy Code." (Sale Order, RFJN, Ex. 2 at 5, ECF

No. 12-4). DACA did not object to the entry of the Sale Order, which included a finding that WSRR "is purchasing the Ranch in good faith and is a good faith purchaser of the Ranch within the meaning of Section 363(m) of the Bankruptcy Code...." *Id.* at 3. In its appeal briefs and briefing in opposition to the Motion for Dismissal, DACA has not challenged the bankruptcy court's finding that WSRR is a good faith purchaser. At this stage in the proceedings, any challenge to the finding that WSRR is a good faith purchaser has been waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived."). DACA also does not challenge PHG's evidence that the sale has been fully consummated and WSRR has taken substantial steps to improve the property, including entering into agreements with third parties. There is no dispute that DACA did not apply for or receive a stay pending appeal.[4] Accordingly, the Court finds that all requirements of § 363(m) have been met, and this appeal is dismissed as moot. *See In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992) ("The Debtor's appeals are moot. Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not, and the court thus cannot grant any effective relief.").

---

[4] In its opening appeal brief—although not in its opposition brief to the Motion for Dismissal—DACA raises the issue of the bankruptcy court shortening the stay of the effectiveness of the Sale Order from 14 days to 72 hours. *See* Sale Order, RFJN, Ex. 2 at 9, ECF No. 12-4 ("Notwithstanding Bankruptcy Rule[] 6004 ..., this Order shall be effective and enforceable seventy-two hours after entry...."); *see also* Fed. R. Bankr. P. 6004(h) ("An order authorizing the ... sale ... of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."). The bankruptcy court issued an order on January 17, 2013 stating that "[t]he Court will waive the 14 day stay of FRBP." (Jan. 17, 2013 Minute Order, ECF No. 3-1 at 441). The final sale decision was announced by the bankruptcy court on March 12, 2013; the Sale Order was lodged on March 26, 2013; the Sale Order was entered on April 12, 2013; and the sale closed on April 29, 2013. (Appellant's Br. at 8, 11-12, ECF No. 6; Grand Decl. ¶ 2, ECF No. 12-2). DACA had ample notice that the 14-day stay period would be shortened, and DACA had notice of the relevant terms of the Sale Order over 14 days before the Sale Order was entered and over a month before the sale closed. DACA has failed to show any prejudice caused by the shortening of the Rule 6004(h) stay from 14 days to 72 hours.

## IV. Conclusion

IT IS HEREBY ORDERED that the Motion for Dismissal of Appeal is GRANTED. (ECF No. 12). Pursuant to 11 U.S.C. § 363(m), this appeal is DISMISSED AS MOOT. The Clerk of the Court shall close this case.

DATED: December 17, 2013

**WILLIAM Q. HAYES**
United States District Judge