1

2

3

4

5

6

7

8

9                        **UNITED STATES DISTRICT COURT**

10                      **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  | In Re: | ) | Civil No. 13cv1170-WQH-WVG |
13  | | ) | Bankruptcy No. 12-3031-LA11 |

WARNER SPRINGS
RANCHOWNERS ASSOCIATION,

Debtor.

                                         **ORDER**

DEBT ACQUISITION COMPANY
OF AMERICA V, LLC,

Appellant,

v.

WARNER SPRINGS
RANCHOWNERS ASSOCIATION,
et al.,

Appellees.

HAYES, Judge:

       The matter before the Court is the Motion for Attorneys' Fees filed by Appellee
Pacific Hospital Group, Inc. ("PHG").  (ECF No. 29).

## I.   Background

On April 17, 2013, Appellant Debt Acquisition Company of America V, LLC ("DACA") filed an appeal of the Bankruptcy Court's order authorizing the sale of the Warner Springs Ranch Resort ("Ranch") pursuant to 11 U.S.C. § 363(h).  (ECF No. 1). Appellee PHG opposed the appeal. (ECF No. 11). Both parties fully briefed the issues and the Court heard oral argument.

On December 17, 2013, the Court issued an Order dismissing the appeal as moot pursuant to 11 U.S.C. § 363(m).  (ECF No. 26).  In deciding the appeal, the Court found the reasoning of *In re Nashville Senior Living, LLC*, 620 F.3d 584 (6th Cir. 2010) to be more persuasive than the reasoning of *Clear Channel Outdoor, Inc. v. Knupfer*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).  (ECF No. 26 at 6-7).

On December 31, 2013, PHG filed the Motion for Attorneys' Fees.  (ECF No. 29). PHG moves for an award of $120,009.50 in attorneys' fees and double costs on the grounds that DACA's "appeal was frivolous and an award of sanctions is warranted under the circumstances, pursuant to 11 U.S.C. § 1927 and Rule 38 of the Federal Rules of Appellate Procedure." *Id*. at 2.  PHG contends that the appeal of the Sale Order was frivolous due to the following "fatal flaws": DACA consented to the sale of its interest, failed to obtain a stay of the Sale Order, failed to object to the good faith finding by the Bankruptcy Court, and failed to name the purchaser, Warner Springs Ranch Resorts, LLC ("WSRR"), as party to the appeal.  (ECF No. 29-1 at 4).  PHG contends that DACA "relied on a single, non-precendential case (*Clear Channel* ...) that had been highly criticized and otherwise cited nothing to challenge (*In re Nashville* ...) the only Circuit level decision...." *Id*. at 6.

On January 27, 2014, DACA filed an opposition to the Motion for Attorneys' Fees. (ECF No. 36).  DACA contends that DACA did not waive its right to appeal any of the appeal issues it raised, and DACA's failure to name the WSRR "was an unfortunate but at least understandable mistake, made due to the fact WSRR was a successor entity to PHG and both were and are represented by the same lawyer." *Id*. at 9.  DACA contends:

Whether an appeal of a partition sale under subsection 362(h) is statutorily moot had been decided by only one court in this country [*In re Nashville*], and that court divided on the rationale for its ruling. The matter was one of first impression in this circuit. In fact, the only precedential authority in this circuit, *Clear Channel*, suggested a contrary result. DACA's appeal bore none of the earmarks of a frivolous appeal. It was carefully considered and well supported.

*Id.* at 13.

On February 3, 2014, PHG filed a reply in support of the Motion for Attorneys' Fees. (ECF No. 43).

## II. Discussion

Federal Rule of Appellate Procedure 38 is made applicable to bankruptcy appeals pursuant to Federal Rule of Bankruptcy Procedure 8020, which provides that district courts have the authority to award damages or double costs for frivolous appeals. *See Marino v. Classic Auto Refinishing, Inc.*, 234 B.R. 767, 770 (B.A.P. 9th Cir. 1999); *see also* Fed. R. Bank. P. 8020 ("If a district court ... determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion ... and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). In the Ninth Circuit, an appeal is frivolous if it is one in which, "the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay*, 322 F.3d 586, 588 (9th Cir. 2003) (quotation omitted). An appeal that raises "totally meritless arguments which have repeatedly been rejected" may be characterized as frivolous. *Nunley v. Commissioner*, 758 F.2d 372, 373 (9th Cir. 1985) (awarding attorney fees and double costs when "[t]he Supreme Court and this circuit have previously rejected all the arguments [appellant] raises.").

Neither the Supreme Court nor the Court of Appeals for the Ninth Circuit has decided the issues raised by DACA's appeal. In dismissing the appeal as moot, this Court agreed with the reasoning of *In re Nashville Senior Living, LLC*, 620 F.3d 584 (6th Cir. 2010), and did not agree with the reasoning of *Clear Channel Outdoor, Inc. v. Knupfer*, 391 B.R. 25 (B.A.P. 9th Cir. 2008). Neither opinion was binding precedent upon this Court, and neither

case has been overruled.  After considering the arguments of the parties and the record in this case, the Court finds that DACA's appeal was not "wholly without merit" or otherwise frivolous.  *George*, 322 F.3d at 588.

**III.    Conclusion**

    IT IS HEREBY ORDERED that the Motion for Attorneys' Fees is DENIED.  (ECF No. 29).

DATED:  March 13, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge